**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Donald F. GOODRICH, II, Respondent.**

**No. 92–SC–1047–KB.**

Supreme Court of Kentucky.

April 22, 1993.

Raymond M. Clooney, Bar Counsel, Barbara S. Rea, Asst. Bar Counsel, Kentucky Bar Ass'n., Frankfort, for movant.

Donald F. Goodrich, II, Newport, for respondent.

## OPINION AND ORDER

STEPHENS, Chief Justice.

This matter was submitted to the Court by the Kentucky Bar Association pursuant to SCR 3.370(5).

On December 10, 1992, the Board of Governors of the Kentucky Bar Association issued findings, conclusions and recommendations as to three charges of professional misconduct issued against respondent by an inquiry tribunal of the Bar Association.

All of the charges stemmed from complaints filed by respondent's former clients.

The first charge, KBA case number 2987, pertains to respondent's representation of one Ms. Linda Fey. In August of 1991, Ms. Fey retained respondent to represent her in a bankruptcy proceeding. Though she paid respondent some $420 within the next month, the petition was not filed and respondent thereafter failed to reply to her many telephone inquiries about the case. Her attempts to contact respondent proving futile, Ms. Fey filed a complaint against respondent on February 28, 1992.

On May 7, 1992, some two months after the complaint was filed and more than a week after the matter was sent to the inquiry tribunal, respondent filed Ms. Fey's bankruptcy petition. However, such petition was defective and on May 13, 1992, the bankruptcy court ordered that certain deficiencies in the petition be corrected within ten days. The above order was not complied with and a show cause order was issued which was to be heard on July 7, 1992. In the meantime, respondent failed to attend the first meeting of the creditors which was held on June 30, 1992.

At the scheduled show cause hearing, respondent attempted to offer an excuse for his failure to promptly amend the petition. However, such an excuse, that he did not amend the petition because Ms. Fey was seeking other counsel, was contended by Ms. Fey to be an outright lie. Despite the severity of the accusations against respondent, he was nevertheless given until July 10, 1992 to file the necessary amendments. Once again, he failed to do so and the case was dismissed on July 27, 1992, for unreasonable delay.

The above events led to the issuance of a four count charge against respondent, to which he did not respond. Count I charged respondent with violating SCR 3.130–1.3 for failure to file the bankruptcy petition in a timely manner. Count II charged a violation of SCR 3.130–1.4(a) for respondent's failure to keep Ms. Fey reasonably informed and to comply with her reasonable request for information. Count III alleged an additional violation of SCR 3.130–1.3 for

his failure to attend the first meeting of creditors; and also a violation of SCR 3.130–3.4(c) for knowingly and intentionally failing to amend pleadings as required by the bankruptcy court. Finally, count IV charged respondent with making knowing and material misrepresentations to the bankruptcy court in violation of SCR 3.130–3.3(a)(1).

The Board of Governors subsequently found respondent guilty as charged; the decision being unanimous with respect to counts I, II, and III, and 13–1 with respect to count IV. It recommended that respondent be referred to Lawyers Helping Lawyers, and suspended from the practice of law for a period of one year.

The second charge, KBA case number 3024, pertains to respondent's like misrepresentation of the Ozepys in another bankruptcy proceeding. Respondent did not file the Ozepy's petition until some four months after he was retained as counsel, nor did he attend the first meeting of the creditors. As before, the bankruptcy petition was deficient, respondent failed to amend and a show cause order was issued. Though respondent attended the subsequent hearing and was given time to amend, he failed to do so and the Ozepy's case was likewise dismissed on grounds of unreasonable delay. It should be further noted that respondent also refused to respond to reasonable telephone inquiries by the Ozepys as to the status of their case.

These events resulted in respondent being charged with two counts of ethical misconduct. Count I charged violations of SCR 3.130–1.1 and SCR 3.130–1.3. Such allegations were based on respondent's failure to promptly file the Ozepy's bankruptcy petition, his subsequent failure to amend and also his failure to attend the first meeting of the creditors. Count II charged respondent with violating SCR 3.130–1.4(a) and (b) for failure to timely return the Ozepy's phone calls, and otherwise failing to communicate with them concerning their pending legal matter. As in the preceding case, though respondent eventually answered the original complaint by the client, he did not respond to the charge issued by

the Inquiry Tribunal and the matter was submitted to the Board of Governors.

The Board unanimously decided that respondent was guilty as charged and recommended his suspension from the practice of law for a period of six months. Such suspension was to run concurrently with the period of suspension assessed in case number 2987.

The final charge, KBA case number 3195, stems from a complaint filed on July 10, 1992, by one Janice Hickman. As in the preceding cases, respondent undertook to represent Ms. Hickman and assist her in filing a petition for bankruptcy. Though she paid a retainer fee of $225 and gave him a $120 money order for filing fees, respondent never filed the petition and likewise refused to reply to telephone inquiries by either Ms. Hickman or her creditors. Subsequent to her complaint, Ms. Hickman was able to recover her file from respondent which still contained the $120 money order. On August 18, 1992, respondent returned the retainer fee which Ms. Hickman had paid him nearly a year earlier. He tendered no response to Ms. Hickman's complaint.

Such led to the issuance of the final two count charge against respondent for violations of SCR 3.130–1.3 and SCR 3.130–1.4(a) and (b). Respondent again failed to answer, causing the matter to be submitted to the Board of Governors who subsequently found respondent guilty on both counts.

In a unanimous vote, the Board found respondent violated SCR 3.130–1.3 when he failed to file Ms. Hickman's petition; and violated SCR 3.130–1.4(a) and (b) when he again failed to reasonably inform his client and respond to her reasonable request for information. The Board recommended a punishment of six months suspension, to be served concurrently with the suspensions assessed in cases 2987 and 3024.

Pursuant to SCR 3.370(9), this Court adopts the decisions and recommendations of the Board of Governors as to all matters pertaining to the respondent Donald F. Goodrich, II.

IT IS THEREFORE ORDERED:

That the respondent, Donald F. Goodrich, II, be, and he is hereby, suspended from the practice of law in the Commonwealth of Kentucky for a period of one year. The period of suspension shall commence upon entry of this order, and continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

Pursuant to SCR 3.390, the respondent shall, within ten (10) days from the date of entry of this order, notify all clients in writing of his inability to represent them and to furnish photostatic copies of said letters of notice to the Director of the Kentucky Bar Association.

Respondent is further directed to pay all costs associated with this action and/or any related proceedings.

All concur except WINTERSHEIMER, J., not sitting.